**Frank Kern, Appellee, v. School Directors of School District No. 82½ et al., Appellants.**

LIENS—*when vendor's not sustained.* A vendor's lien is not viewed with favor and rights under such a lien will not be enforced unless clearly and distinctly made out.

Bill in chancery. Appeal from the Circuit Court of Coles county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed March 30, 1910.

JAMES VAUSE, JR., for appellants.

HENLEY & HUGHES, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Coles county awarding to appellee a vendor's lien for $406.68 on lots 10, 11 and 12 in block 13 in Grant Park Place in Lafayette, Coles county, and directing a sale of said premises to satisfy said lien, upon the failure of appellants to pay said amount with interest within 90 days from date of said decree.

In support of his claim for a lien appellee offered in evidence, the poll book of a special election held in said school district on May 4, 1905, from which it appears that there was submitted to the legal voters in said school district, the following: "Purchasing lots for one school house site and for to build one school house and for to issue bonds to the amount of six hundred dollars with five per cent interest payable annually." Appellee also offered in evidence a certified copy of the tally list of said election, from which it appears that seven votes were cast for each of the following propositions: "Purchasing lots for sites number 10, 11, 12, block 13; building a school house; issuing bonds." It further appears from the certified returns of said election that the propositions then submitted to said legal voters were, as follows: "Purchasing and locating lots 10, 11, 12 in block 13, district 82½; building school house; issuing bonds to the amount of six hundred dollars, due one hundred on June first of each year beginning with June 1907 with interest at five per cent payable annually." It also appears therefrom that each of said propositions carried. There is no proof in the record that any notice was given of the holding of said election as required by law. It is conceded that no written contract or agreement was entered into between appellee and the school directors, and that there is no record of any action taken by said

school directors for the purchase by them from appellee of the lots against which a vendor's lien is sought to be enforced.

J. W. Hornbeck, president of the board of school directors, testified in substance, that after the election the directors decided to purchase the three lots owned by appellee providing they could get no others cheaper, and that the matter was left to him to look after; that prior to that time appellee had fixed a price of $300 on the three lots and had also agreed to donate to the school district another lot owned by him; that subsequently he met appellee and agreed to take the lots, and that a contract was to be drawn up and signed by all of the parties providing for the sale of said lots by appellee for the sum of $300 to be paid a year or so afterwards; that the school directors then took possession of said lots and built a school house on lot 11 and have continued to use and occupy said lots for school purposes; that he had no recollection as to the claim of appellee that the school directors should pay all taxes and assessments levied against said lots. Concerning this transaction appellee testified as follows: "Mr. Hornbeck came to my office as I say time and time again and finally says, we have held an election and we have carried it unanimously for the erection of the school buildings, and we want to buy your lots 10, 11, and 12 so we will have a large place for the children, and I agreed with him. I advised him as to my price on the lots being $300 or $100 each. He asked me if I would consent to the sale of two of the lots or one. And I said no, I wouldn't give 30 cents for a lot next to a school house and it was either three or none. And then I said to him, I have one lot in block 6 that I will donate to the school board at any time or at the time when they have paid for these three lots and I would hold that lot for that purpose or they could sell it and use the money or they could use it for whatever they pleased. It would be their lot whenever they paid for

the three lots $100 each. I am still holding that lot expecting to carry out the contract. Mr. Hornbeck came back time and again and finally said we have decided to accept your proposition and would like to have a contract and the contract was drawn up and I signed it and left it at your office. The $300 was to be paid if I remember correctly within one year. It was to draw 6 per cent interest, they were to pay all taxes and drainage assessments subsequent to a fixed time''. Appellee has neither executed and delivered a deed for said lots to appellants, nor has he tendered any such deed to appellants. The alleged contract for the sale of the lots rests wholly in parol, and such parol contract was made with only one of the defendants acting in his individual capacity. A vendor's lien is not viewed with favor and rights under such a lien will not be enforced unless clearly and distinctly made out. Ross v. Clark, 225 Ill. 326.

If appellants have appropriated the property of appellee, they may be liable therefor in an appropriate action, but the remedy here sought to be invoked, is, under the evidence in this record, wholly unauthorized. There is an entire absence of proof of a contract sufficient to support a vendor's lien.

The decree will be reversed and the cause remanded with directions to dismiss the bill for want of equity.

*Reversed and remanded.*